## In re BREER.
### Patent Appeal No. 2889.

Court of Customs and Patent Appeals.
Feb. 1, 1932.

Charles M. Thomas, of Washington, D. C., J. K. Harness, of Detroit, Mich., and F. D. Thomas, of Washington, D. C., for appellant.

T. A. Hostetler, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

LENROOT, Associate Judge.

This is an appeal from a decision of the Board of Appeals of the United States Patent Office, affirming that of the Examiner, rejecting all of the claims of appellant's application filed on December 1, 1926; said claims being numbered 1 to 5, inclusive; 7, and 9 to 13, inclusive.

Claim 1 is illustrative, and reads as follows: "1. In a piston of the class described comprising a head portion, a pair of downwardly extending bosses carried by said head portion, a pair of wrist pin bearings carried by said bosses, a skirt portion having a high coefficient of expansion comprising a cylindrical lower portion and a pair of upwardly extending faces spaced from said head portion and bosses, a plate having a low coefficient of expansion bridging the space between the upwardly extending faces, connected thereto by an interlocking joint, and secured to said wrist pin bearings."

The claims were rejected as not involving invention, in view of a copending application of appellant and the following references: Vogel, 1,303,829, May 13, 1919; Horat, 1,095,866, May 5, 1914; Pondelick, 1,563,923, December 1, 1925; French to Givaudan et al., 455,539, December 13, 1913; British to Napier, 105,101, March 29, 1916; British to Kilburn, 6,311, March 13, 1911.

The construction involved in the application relates to a strut for use in a bi-metallic piston.

It is stated by the Board of Appeals in its decision that "The claims are drawn to a piston structure similar to that disclosed and claimed in appellant's co-pending application Serial No. 61,680 which is involved in several interferences, but they differ therefrom by reciting interlocking joints between the plate formed of a metal having a low coefficient of expansion and the other parts of the piston which are formed of a metal having a high coefficient of expansion."

While said copending application is not found in the record, the correctness of the statement above quoted is not challenged by appellant.

It does appear from the record that the subject-matter of said copending application is involved in five interferences involving 19 counts, which counts are printed in the record.

As heretofore indicated, the alleged invention here in issue lies in providing a dovetailed or interlocking joint between a strut having a low coefficient of expansion and the skirt of the piston having a high coefficient of expansion; the joint being formed by dovetailed projections upon the strut so that, when the metal of the piston is cast around them, an interlocking joint is formed, enabling the strut to control the expansion of the skirt and preventing the head and skirt from pulling away under an expansive strain. Preferably the piston head and skirt are made of aluminum alloy, while the strut is made of ordinary nickel steel.

That appellant's combination is novel the solicitor for the Patent Office concedes. That appellant's interlocking joint provides a pis-

ton structure which is more durable in use is admitted by the Board of Appeals.

The Examiner stated that: " * * * While it is recognized that the method of forming interlocking joints between the piston and strut *may be a practical solution of the problem encountered in this connection,* the Examiner still holds that such a structure as defined in the claims is unpatentable. (Italics ours.)

Thus the Examiner recognized the presence of a problem in connection with the utility of bi-metallic pistons, and that appellant has solved it. The novelty and utility of appellant's combination being conceded by the Patent Office tribunals, the only question is whether such combination involved the exercise of the inventive faculty.

While the references show, and appellant concedes, that an interlocking dovetail joint, per se, is old, and has been used for uniting certain piston elements together, none of them discloses the combination claimed, including a comparatively nonexpansible strut having an interlocking connection with the expansible piston skirt sections.

Whether the combination with said last-named element required the exercise of the inventive faculty is largely a matter of opinion. We are not unmindful of the fact that both of the Patent Office tribunals have held that it did not, nor of the well-established rule that in such cases we will not reverse their findings unless they are manifestly wrong. However, in the case at bar, there are some considerations which lead us to the conclusion that there is at least sufficient doubt as to lack of patentability of the claims in issue as to require the application of the rule that, where well-founded doubt of lack of patentability exists, such doubt should be resolved in favor of the inventor.

Among these considerations are the fact that the Examiner found that a problem existed as to how to make pistons of the character here involved of practical utility, and his frank recognition that appellant had solved the problem.

Furthermore, it appears that the general combination involved in the claims in issue, other than the interlocking joint element here in issue, is involved in appellant's copending application. It is conceded that said element is not included in such application, and it would seem that, if the desirability of the interlocking joint in the character of pistons here involved was obvious to one skilled in the art, it would have been so included, because unquestionably such a joint, if disclosed in the earlier application, could have been included in a claim therein as a specific limitation of the combination. The fact that the element here being considered was not included in appellant's prior application does not, in itself, establish that the use of dovetailed or interlocking joints was not obvious to one skilled in the art, but it is a circumstance which may be considered together with the other facts in the case.

Moreover, we think that the problem of uniting metallic elements, having widely different degrees of expansion at a given temperature, so as to limit expansion of the skirt of the piston, is a different problem than one where a dovetail joint is used in the prior art simply to hold the parts in a close relation to each other. Appellant solved the problem of substantially preventing such expansion by the use of the dovetail or interlocking joint. This never had been done before, and it has admittedly produced a novel and useful result.

Viewing the case as a whole, we are of the opinion that there is at least sufficient doubt as to lack of patentability of appellant's claims as to require their allowance.

As all of the claims in issue contain the element of the dovetailed or interlocking joint, they should all be allowed.

The decision of the Board of Appeals is reversed.

Reversed.